**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA - CENTRAL DIVISION**

| | |
|---|---|
| ERIC AUGUSTE,<br><br>　　Plaintiff,<br><br>v.<br><br>COLLINS COMMUNITY CREDIT UNION; TRANSUNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>　　Defendants. | Case No.: 4:22-cv-155<br><br>**Complaint for Damages:**<br>　　**Violation of Fair Credit Reporting Act** |

　　Plaintiff, Eric Auguste, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.　　INTRODUCTION

　　1.　　This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.　　PARTIES

　　2.　　Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Polk, Iowa.

　　3.　　At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

　　4.　　Defendant, Collins Community Credit Union ("Collins") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Iowa.

　　5.　　At all times pertinent hereto, Defendant Collins is a "person" as that

term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Iowa.

7. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Iowa.

8. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

9. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

11. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Iowa.

12. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Iowa.

13. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

14. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

15. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

III.    **JURISDICTION AND VENUE**

16. That the Court has jurisdiction over this action pursuant to 15 U.S.C.

§ 1681p, the Fair Credit Reporting Act ("FCRA").

17. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Polk County, Iowa and Defendants do business in Iowa.

18. Personal jurisdiction exists over Defendants as Plaintiff resides in Iowa, Defendants have the necessary minimum contacts with the state of Iowa, and this suit arises out of specific conduct with Plaintiff in Iowa.

### IV.	FACTUAL ALLEGATIONS

19. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Collins, TransUnion, and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

20. Equifax, Experian, and Transunion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

21. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

22. Experian and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

23. Plaintiff discovered the Collins account COLLINS CU #403712300013**** on his TransUnion and Experian consumer reports in error (the "Account").

24. The Account is double reporting as, on information and belief, the Account was sold and/or assigned and is also reporting as THESTARKCOLL #C6253**.

25. Defendant Collins continues erroneously to report the Account with balance due and owing inclusive of late fees and penalties, and a derogatory status to TransUnion and Experian which are CRAs and which reported a duplicate balance owed on the Account on Plaintiff's consumer reports.

26. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates his credit utilization.

## PLAINTIFF'S WRITTEN DISPUTE

27. On or about September 2021, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's TransUnion consumer report.

28. On or about September 2021, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

29. Upon information and belief, TransUnion and Experian forwarded Plaintiff's Dispute to Defendant Collins.

30. Upon information and belief, Collins received notification of Plaintiff's TransUnion Dispute and Experian Dispute ("Dispute Letters") from TransUnion and Experian.

31. Upon information and belief, Collins verified the erroneous information associated with the Account to TransUnion and Experian.

32. Collins failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

33. TransUnion and Experian each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

34. Upon information and belief, Collins failed to instruct TransUnion and Experian to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

35. TransUnion and Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account

identified in Plaintiff's Dispute Letters.

36. At no point after receiving the Dispute Letters did Collins, TransUnion, or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

37. TransUnion and Experian relied on their own judgment and the information provided to them by Collins rather than grant credence to the information provided by Plaintiff.

## COUNT I – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

40. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

41. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. Defendant TransUnion 's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43. In the alternative, Defendant TransUnion was negligent, entitled

Plaintiff to recover damages under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

47. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

48. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

52. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

54. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

55. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

59. Plaintiff re-alleges and reaffirms the above paragraphs as though fully

set forth herein.

60. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

61. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

62. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

63. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

64. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – COLLINS

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

66. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

67. After receiving the Dispute Letters, Collins failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

68. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and

properly investigate Plaintiff's disputes of Defendant Collins's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Collins's representations to consumer credit reporting agencies, among other unlawful conduct.

69. As a result of this conduct, action, and inaction of Defendant Collins, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

70. Defendant Collins's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

71. In the alternative, Defendant Collins was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

72. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Collins pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted May 6, 2022

                                        CARNEY & APPLEBY, P.L.C.

                                        /s/Jasper P. Verhofste
                                        Jasper P. Verhofste (AT0014017)
                                        303 Locust St. Ste. 400
                                        Des Moines, IA 50309
                                        Telephone: 515-282-6803
                                        Facsimile: 515-282-4700
                                        Email: verhofste@carneyappleby.com
                                        Attorney for Plaintiff